IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Marvin Bowens Green<br>*a/k/a Marvin Bowens-Green*<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>Tanya James,<br><br>　　　　　　　　Respondent. | Case No. 4:22-cv-04291-JDA<br><br>**<u>OPINION AND ORDER</u>** |

　　　　Petitioner, a state prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254.  This matter is before the Court on Respondent's motions to strike and for summary judgment.  [Docs. 31; 33.]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers for pre-trial proceedings.

　　　　On November 8, 2023, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Respondent's motions to strike and for summary judgment both be granted.  [Doc. 40.]  The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so.  [Doc. 40-1.]  Petitioner filed objections to the Report on December 4, 2023 [Doc. 42], and Respondent filed a reply to the objections on December 18, 2023 [Doc. 43].  The motions and Report are now ripe for review.[1]

---

[1] The case was reassigned to the undersigned on February 16, 2024.  [Doc. 47.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## DISCUSSION

In his habeas petition (the "Petition"), Petitioner raises four grounds for relief, which the Court quotes substantially verbatim:

> **GROUND ONE**: Ineffective assistance of PCR counsel, violation of the Sixth Amendment guarantee to effective assistance of counsel.
>
> *Supporting Facts*: PCR Counsel rendered ineffective assistance by failing to comply with the instructions of the Courts. The PCR Court left the record open for 30 days so PCR Counsel could follow up on the GPS issue. The PCR Court further stated that PCR Counsel was to let the Court know what his findings are. Petitioner provided PCR Counsel with the documentation proving the existence of the GPS and PCR Counsel failed to submit the documents to the courts.

> **GROUND TWO**: Denied right to due process and a violation against Eighth Amendment cruel and unusual punishment.
>
> *Supporting Facts*: Petitioner has been sentenced to an unconstitutional life sentence. Petitioner's life sentence is due to the two-strikes law. However, at the time of the triggering offense Petitioner was only a 17-year-old child. Petitioner's case was not handled in accordance with the laws that govern juvenile arrest and convictions. Therefore, the life sentence should be procedurally improper and voided.
>
> **GROUND THREE**: Denied right to due process of law and the right to a fair trial protected by the Fifth and Sixth Amendments.
>
> *Supporting Facts*: Prosecutor repeatedly vouched for the credibility of the State's witness during closing arguments and also bolstered that testimony.
>
> **GROUND FOUR**: Denied right to due process of law and denied right to a fair trial.
>
> *Supporting Facts*: Prosecutor used a known corrupt detective (Charles Lawrence) (whom was later fired for lying to superiors) to obtain the conviction. The case had little physical evidence and relied heavily on testimonial evidence. Petitioner made it known during trial to his public defenders that the testimony given by Charles Lawrence regarding their relationship was false and that Petitioner was not acquainted with Lawrence as described by Lawrence.

[Doc. 1 at 5, 7, 8, 10.]

**Ground One**

Because Ground One relates to alleged ineffectiveness of PCR counsel, the Magistrate Judge concluded that the alleged error is not cognizable on habeas review. [Doc. 40 at 14–15.] In his objections, Petitioner simply repeats his allegation that PCR counsel was ineffective without addressing the Magistrate Judge's conclusion that the alleged error is not cognizable on habeas review.  [Doc. 42 at 1–2.]

3

The Court finds that the Magistrate Judge relied on the correct applicable law and correctly concluded that Ground One is not cognizable. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254."). Thus, the Court overrules Petitioner's objection as to Ground One.

**Ground Two**

Ground Two alleges that Petitioner's sentence is based on a two-strikes law—specifically, a prior conviction for an offense Petitioner committed when he was only 17 years old. [Doc. 1 at 7.] This ground alleges that the life sentence was procedurally improper and should be voided because "Petitioner's case was not handled in accordance with the law[s] that govern juvenile arrest and convictions." [*Id.*] The Magistrate Judge recommends granting summary judgment as to this ground on the basis that the South Carolina Court of Appeals rejected it on direct review in a decision that was not contrary to clearly established federal law and was not based on an unreasonable determination of the facts. [Doc. 40 at 15–19.]

In his objections, Petitioner does not challenge the Magistrate Judge's analysis on this point. Rather, Petitioner argues, for the first time, that he should also not have been sentenced to life without parole under the State's two-strikes law because the prior conviction that served as the first strike is flawed insofar as the indictment for that offense was not true billed.[2] [Doc. 42 at 2–4.] Petitioner contends that this indictment defect deprived the state court of jurisdiction to convict him of that prior offense. [*Id.* at 2–3.] On

---

[2] "[T]rue bill" is "[a] grand jury's notation that a criminal charge should go before a petty jury for trial." TRUE BILL, Black's Law Dictionary (11th ed. 2019).

4

reply, Respondent argues that this indictment argument represents a ground not raised in the Petition and that amendment of the Petition to add this new ground would not be proper at this time. [Doc. 43 at 1–2.] Specifically, Respondent maintains that any such amendment would be futile for three reasons: (1) Petitioner's new ground has been procedurally defaulted; (2) it is not cognizable because it seeks to challenge a conviction for which Petitioner is not in state custody and would otherwise be a matter of state law; and (3) indictments are notice documents that do not affect the jurisdiction of the court and do not trigger any federal constitutional right. [*Id.* at 2.]

The Court agrees with Respondent that Petitioner's argument presents a new ground and that he is not entitled to amend his Petition to add that ground because any such amendment would be futile. The new ground was not raised to the State's highest court and thus was not fairly presented to the Supreme Court of South Carolina and is procedurally barred from habeas review unless Petitioner demonstrates (1) cause for the procedural default and actual prejudice from the alleged constitutional violation; or (2) that a fundamental miscarriage of justice has occurred.[3]  *See Coleman v. Thompson*, 501

---

[3] Petitioner makes the conclusory argument that "a miscarriage of justice has occurred and the integrity of the law should out value any procedural violation [P]etitioner might suffer or trigger." [Doc. 42 at 6.] As noted, as an alternative to demonstrating cause for failing to raise a claim, a petitioner may show a miscarriage of justice. However, to demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"). Actual innocence is defined as "factual innocence," rather than "mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To demonstrate this actual innocence standard, the petitioner's case must be truly extraordinary. *Carrier*, 477 U.S. at 496. Here, Petitioner does not argue that he is factually innocent of the offense for which he is in custody, or of the offense constituting his first strike, for that matter. Accordingly, Petitioner cannot satisfy the miscarriage of justice standard.

U.S. 722, 750 (1991) (stating that an issue not properly raised to the state's highest court and procedurally impossible to raise there now is procedurally barred from review on federal habeas); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (explaining that absent a showing of cause and actual prejudice, a federal court is barred from considering a procedurally defaulted claim); *Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."); [Docs. 32-6 at 4; 32-10 at 3]. In any event, "[s]tate indictments and state court subject matter jurisdiction are matters of state law that are not cognizable in federal habeas corpus" and "the South Carolina Supreme Court has held that defective indictments have no effect on whether a court has subject matter jurisdiction over a criminal case." *Cabbagestalk v. McFadden*, No. 5:14-cv-3371-RMG, 2015 WL 4077211, at *22 (D.S.C. July 1, 2015). Thus, Plaintiff's objection regarding the indictment on which Plaintiff's prior conviction is based is overruled as well.

**Ground Three**

Ground Three alleges that the prosecutor, during closing arguments, improperly vouched for the credibility of the State's witness and bolstered his testimony. [Doc. 1 at 8.] The Magistrate Judge recommends that the claim be dismissed as procedurally defaulted because it was not raised to the State's highest court. [Doc. 40 at 19–20.] Out of an abundance of caution, the Magistrate Judge also considered Petitioner's additional claim in his PCR application—not specifically raised in his Petition—that trial counsel was ineffective for failing to object to the closing argument in question. [*Id.* at 20–21 n.4.] As to that claim, the Magistrate Judge concluded that Petitioner failed to show either that the

PCR judge incorrectly applied *Strickland v. Washington*, 466 U.S. 668 (1984), or that the PCR judge made an unreasonable determination of the facts. [*Id.*] Accordingly, the Magistrate Judge concluded that the PCR court's rejection of this ineffectiveness claim did not result "'in a decision that was contrary to . . . clearly established Federal law, . . . or . . . in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" [*Id.* (first two alterations in original) (quoting 28 U.S.C. § 2254(d)(1)–(2)).]

In his objections, Petitioner repeats his allegation that the prosecutor, during closing arguments, improperly vouched for the credibility of the State's witness and bolstered the witness's testimony. [Doc. 42 at 4–5.] He also argues that trial counsel was ineffective for failing to object to the prosecutor's argument. [*Id.*] However, regarding the prosecutorial misconduct claim, Petitioner has not addressed the Magistrate Judge's conclusion that the claim is procedurally defaulted.[4] And as for the alternative ineffectiveness claim that the Magistrate Court addressed, Petitioner makes no argument that the PCR court's rejection of that claim [App. 890–92[5]] was based on an unreasonable

---

[4] As with Ground Two, *supra* note 3, Petitioner makes the conclusory argument that "a miscarriage of justice has occurred and the integrity of the law should out value any procedural violation [P]etitioner might suffer or trigger." [Doc. 42 at 6.] As noted, however, Petitioner does not argue that he is factually innocent of the offense on which the challenged conviction is based. Accordingly, Petitioner cannot satisfy the miscarriage of justice standard.

[5] The Appendix is located in Docs. 32-1 and 32-2.

7

determination of the facts or on unreasonable application of *Strickland*. Thus, the Court overrules Petitioner's objection concerning to Ground Three.

**Ground Four**

Ground Four alleges that Petitioner was denied due process and the right to fair trial when the prosecution presented evidence from Detective Charles Lawrence. [Doc. 1 at 10.] The Magistrate Judge recommends that Ground Four be dismissed as procedurally defaulted because it was not raised on direct appeal or to the State's highest court. [Doc. 40 at 21.] In his objections, Petitioner simply repeats his allegation that the State's witness Charles Lawrence provided false testimony. [Doc. 42 at 5–6.] However, Petitioner does not acknowledge or address the Magistrate Judge's conclusion that this ground is procedurally defaulted because it was not raised on direct appeal or to the State's highest court.[6] The Court therefore overrules Petitioner's objection regarding Ground Four.

## **CONCLUSION**

For the reasons discussed, Petitioner's objections to the Magistrate Judge's findings and recommendations are overruled. The Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by

---

[6] As with Grounds Two and Three, *supra* notes 3, 4, Petitioner makes the conclusory argument that "a miscarriage of justice has occurred and the integrity of the law should out value any procedural violation [P]etitioner might suffer or trigger." [Doc. 42 at 6.] As noted, however, Petitioner does not argue that he is factually innocent of the offense on which the challenged conviction is based. Accordingly, Petitioner cannot satisfy the miscarriage of justice standard.

reference. Accordingly, Respondent's motion to strike[7] [Doc. 31] and motion for summary judgment [Doc. 33] are both GRANTED and the § 2254 petition [Doc. 1] is DENIED.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

In this case, the Court concludes that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

April 29, 2024
Florence, South Carolina

---

[7] The Magistrate Judge explained that in Respondent's motion to strike certain material from the Petition, Respondent argues that Petitioner has attempted to rely upon materials that are not part of the state court record and has not moved for permission or been granted permission to file any document or material in expansion of the record under Rule 7 of the Rules Governing Section 2254 Cases and is therefore not entitled to create a new factual basis in this case. [Doc. 40 at 22 n.6]; *see also Cullen v. Pinholster*, 563 U.S. 170, 185 (2011). The Magistrate Judge thus recommends that the motion to strike be granted [*id.*], and Petitioner has not addressed that recommendation in his objections.